**UNITED STATES DISTRICT COURT**

**DISTRICT OF MAINE**

U.S. DISTRICT COURT
DISTRICT OF MAINE
BANGOR
RECEIVED AND FILED

JUL 2 0 2005

WILLIAM S. BROWNELL, CLERK

BY

DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| MAINE BIOLOGICAL | ) |
| LABORATORIES, INC. | ) |

Criminal Number  05-58-B-W

## AGREEMENT TO PLEAD GUILTY

The United States of America, by and through Paula D. Silsby, United States Attorney for

the District of Maine, and George T. Dilworth, Assistant United States Attorney, and Maine

Biological Laboratories, Inc. (hereinafter "defendant"), acting through David A. Zacek, its chief

executive officer, and its counsel, Michael A. Cunniff, Esquire, enter into the following

Agreement based upon the promises and understandings set forth below:

1. <u>Guilty Plea</u>.  Defendant agrees to waive indictment and plead guilty to the attached

Information pursuant to Rule 11 of the Federal Rules of Criminal Procedure.  The Information

charges the defendant in Count One with receipt of smuggled biological materials, in violation of

18 U.S.C. § 545.  Count Two charges the defendant with mail fraud, in violation of 18 U.S.C. §

1341.  Count Three charges that the defendant violated the Virus-Serum-Toxin Act, in violation

of 21 U.S.C. §§ 151 and 158, and 9 C.F.R. § 112 and 116.  In Count Four, the defendant is

charged with making false statements to a governmental agency, in violation of 18 U.S.C. § 1001.

Counts Five and Six charge violations of the Export Administration Act, in violation of 50 U.S.C.

(App.) § 2410, and 15 C.F.R. §§ 760.2(d), 764.2(a), and 764.2(e).

2.  The parties agree and understand that the maximum statutory penalties which may be imposed upon conviction of defendant on Counts One, Two, Four, Five, and Six are a term of probation of not less than one year or more than five years, a fine of not more than $500,000, restitution, or any combination.  18 U.S.C. §§ 3551(c), 3561(c)(1), 3663A, and 3571(c)(3).  The maximum statutory penalties which may be imposed upon conviction on Count Three are a term of probation of not more than five years, a fine of not more than $200,000, or both.  18 U.S.C. §§ 3551(c), 3561(c)(2), and 3571(c)(5).  The parties further agree and understand that the Court must impose a special assessment of $400 per count on Counts One, Two, Four, Five, and Six; and a special assessment of $125 on Count Three; for a total of $2,125.  The special assessments are payable to the Clerk of Court for deposit to the Crime Victims' Fund.  The defendant agrees to pay such special assessments on or before the entry of the guilty plea.

3.  <u>Agreements Regarding Sentencing</u>:  The parties agree, pursuant to Rule 11(c)(1)(B), to take the following positions with respect to sentencing in this case:

A.  The parties agree to recommend that the 2000 edition of the <u>Guidelines Manual</u> applies.

B.  The parties agree to recommend that pursuant to USSG § 2F1.1(b), the applicable loss is more than $200,000, but not more than $350,000.

C.  The parties agree to recommend that the defendant is subject to a two-level enhancement for more than minimal planning, pursuant to USSG § 2F1.1(b)(2).

D.  The parties agree to recommend that two points are added to the defendant's culpability score pursuant to USSG § 8C2.5(b)(4) because the defendant had more than 50

employees and an individual within substantial authority personnel participated in, condoned, or was willfully ignorant of the offense.

E.  The parties agree to recommend that two points are subtracted from the defendant's culpability score pursuant to USSG § 8C2.5(g)(2) because the defendant cooperated once it was officially notified of a criminal investigation, and has clearly demonstrated recognition and affirmative acceptance of responsibility for its conduct.  The government reserves the right not to recommend a reduction under § 8C2.5(g) if, at any time between the execution of this Agreement and sentencing, the defendant (a) fails to admit a complete factual basis for the plea; (b) fails to truthfully admit its conduct in the offense of conviction; or (c) falsely denies or frivolously contests relevant conduct for which the defendant is accountable under USSG § 1B1.3. Defendant understands that it may not withdraw the guilty plea if, for any of the reasons listed above, the government does not recommend that it receive a reduction in Offense Level for acceptance of responsibility.

F.  The parties further agree and understand that, subject to the terms of this Agreement, the parties may petition the Court for the imposition of any lawful sentence.  The parties expressly agree and understand that should the Court reject either or both of the recommendations of the parties, the defendant will not thereby be permitted to withdraw the plea of guilty.  The parties agree and understand that the Court has the discretion to impose any lawful sentence.

4.  Appeal Waivers.  Defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  Knowing that, the defendant waives the right to appeal the following:

A.  Defendant's guilty plea and any other aspect of the defendant's conviction in the above-captioned case.

B.  A term of probation or fine that does not exceed the term of probation or fine amount calculated under Chapter 8 of the United States Sentencing Commission Guidelines Manual (2000) for an Offense Level of 18 and a Culpability Score of 8.

C.  The defendant's waiver of its right to appeal shall not apply to appeals based on a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

5.  Speedy Trial Waiver.  Defendant agrees to waive, and hereby does waive, any and all rights it might have under the Speedy Trial Act, 18 U.S.C. §§ 3161-64, from the date of the execution of this Agreement and continuing thereafter through and including the date upon which sentence is imposed.  The defendant expressly consents to the entry of an Order by the Court excluding such periods of time from such consideration.

6.  Validity of Other Agreements; Signature.  Defendant understands that there are no further or other promises or agreements, either express or implied, other than those contained in this Agreement and that none will be made except in writing signed by all parties.  The signature of the defendant's authorized representative in the space designated signifies its full and voluntary acceptance of this Agreement.

I am Chief Executive Officer of Maine Biological Laboratories, Inc. I have carefully read this Agreement and I understand it. Having been duly authorized by Maine Biological Laboratories, Inc. to act on its behalf on this matter, my signature represents the company's voluntary agreement to its terms.

Date: June 4, 2004

David A. Zacek
Chief Executive Officer


I am legal counsel for Maine Biological Laboratories, Inc. I have carefully reviewed every part of this Agreement consisting of five pages with David A. Zacek, Chief Executive Officer of Maine Biological Laboratories, Inc. To my knowledge, Maine Biological Laboratories, Inc.'s decision to enter into this Agreement is an informed and voluntary one.

Date: June 7, 2004

Michael A. Cunniff, Esquire
Attorney for Maine Biological Laboratories, Inc.


FOR THE UNITED STATES:

Paula D. Silsby
United States Attorney


Date: June 8, 2004

George T. Dilworth
Assistant U.S. Attorney


Page 5 of 5

# UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **v.** | )  Criminal Number ~~04~~- 05- 58 |
| | ) |
| **MAINE BIOLOGICAL** | ) |
| **LABORATORIES, INC.** | ) |

## ADDENDUM TO AGREEMENT TO PLEAD GUILTY
### (Blakely Waiver)

The United States of America, by and through Paula D. Silsby, United

States Attorney for the District of Maine, and George T. Dilworth, Assistant United

States Attorney, and Maine Biological Laboratories, Inc. (hereinafter

"defendant"), acting through David A. Zacek, its chief executive officer, and its

counsel, Michael A. Cunniff, Esquire, enter into the following Agreement based

upon the promises and understandings set forth below:

1.  The parties hereby agree to modify the Agreement to Plead Guilty by

adding the following provision:

A.  The defendant is familiar with the Supreme Court's decision in <u>Blakely

v. Washington</u>, 2004 WL 1402697 (June 24, 2004).  Notwithstanding that decision,

the defendant agrees as follows:

Page 1 of 1

AUG 0 2 2004

i. to waive all constitutional challenges to the validity of the United States Sentencing Guidelines;

ii. to have its sentence determined pursuant to the United States Sentencing Guidelines;

iii. to waive any claim it might have that the facts that determine its Guideline sentencing range (including, but not limited to, relevant conduct, facts that support any offense characteristic, specific offender enhancement, other upward adjustment, upward departure, grouping, cross-reference or criminal history category) should be alleged in the indictment and found by a jury beyond a reasonable doubt;

iv. that facts used to determine its Guideline sentencing range will be found by the Court at sentencing by a preponderance of the evidence;

v. that the sentencing court may consider any reliable evidence, including hearsay.

2. The signature of the defendant's authorized representative in the space designated signifies its full and voluntary acceptance of this Agreement.


I am Chief Executive Officer of Maine Biological Laboratories, Inc. I have carefully read this Addendum to the Agreement to Plead Guilty, and I understand it. Having been duly authorized by Maine Biological Laboratories, Inc. to act on its behalf on this matter, my signature represents the company's voluntary agreement to its terms.


Page 2 of 2

Date: July 30, 2004

David A. Zacek
Chief Executive Officer

I am legal counsel for Maine Biological Laboratories, Inc.  I have carefully reviewed every part of this Addendum to the Agreement to Plead Guilty, consisting of three pages with David A. Zacek, Chief Executive Officer of Maine Biological Laboratories, Inc.  To my knowledge, Maine Biological Laboratories, Inc.'s decision to enter into this Addendum to the Agreement to Plead Guilty is an informed and voluntary one.

Date: 8/2/04

Michael A. Cunniff, Esquire
Attorney for Maine Biological Laboratories, Inc.

FOR THE UNITED STATES:

Paula D. Silsby
United States Attorney

Date:_____
_____

George T. Dilworth
Assistant U.S. Attorney

Page 4 of 4